**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30061 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00212-RCT-1 |
| v. | |
| CHRISTIAN JAMES PALMER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Richard C. Tallman, Circuit Judge, Presiding[**]

Submitted January 18, 2023[***]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Christian James Palmer appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of his supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Richard C. Tallman, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Palmer first contends that the district court procedurally erred by failing to explain adequately its rationale for imposing the 24-month sentence, which was above both the Guidelines range and the parties' sentencing recommendations. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects the district court imposed the statutory maximum sentence in light of Palmer's criminal history, and his repeated violations of the terms of his supervised release despite the leniency afforded him at his original sentencing and over the course of his supervised release term. Moreover, Palmer has not shown a reasonable probability that he would have received a lower sentence had the district court said more. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Palmer also argues that the district court improperly imposed the sentence to promote his rehabilitation. The district court, however, expressly disclaimed any reliance on rehabilitation. Further, the record shows that the court did not impose a term of imprisonment to promote Palmer's rehabilitation or select a 24-month sentence because of the treatment options a sentence of that length would afford. Rather, after Palmer acknowledged in his allocution his substance abuse and mental health issues and explained that he needed more "structure," the court properly explored the possible rehabilitative options. *See Tapia v. United States*, 564 U.S. 319, 334 (2011).

Palmer next argues that, because the district court did not identify the sentencing factors upon which it was relying, the record is unclear as to whether the court relied on any prohibited 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006) (holding that a district court may not consider at a revocation sentencing any § 3553(a) factor omitted from § 3583(e)). However, we presume that judges know the law, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and nothing in the record indicates that the court relied on impermissible factors.

Finally, Palmer argues that the sentence is substantively unreasonable. In light of the totality of the circumstances and the § 3583(e) sentencing factors, the district court did not abuse its discretion in imposing the above-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**